UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES WILLIAM CARTER,
    Plaintiff

vs

DUANE WEYAND, et al.,
    Defendants

CASE NO. 1:04cv653
(WATSON, J.)
(HOGAN, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Heaton and Greene's Motion for Judgment on the Pleadings filed pursuant to Fed. Rule Civ. P. 12(c). Defendants plead, as an affirmative defense, that Plaintiff's Complaint was not filed within the time limit for the commencement of such actions and is therefore barred by the statute of limitations. (Answer, ¶ 38). For the reasons which follow, Court recommends that the motion be granted.

**I. Background**

Pro se Plaintiff, Charles William Carter, filed a complaint on September 23, 2004, naming several defendants in the suit, including Defendants Gary Heaton and Jeff Greene, Ohio State Highway Patrol Officers. (Doc. 1). Plaintiff alleges that on June 12, 2001, Defendant Heaton stopped Plaintiff's vehicle for an inoperable headlight and, based upon actions taken subsequent to the traffic stop, Defendants violated Plaintiff's right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution. (*See* Doc. 1 ¶ 4). Plaintiff also alleges that Defendants conspired to violate

1

Plaintiff's rights under 42 U.S.C. §§ 1985 and 1986. (*See Id.* at ¶ 1, Sec. 8).

## II. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Fed R. Civ. P. 12(c). In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)(quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6thCir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## III. Discussion

In this suit, the Court looks to whether Defendants Heaton and Greene are entitled to judgment as a matter of law based upon Plaintiff's untimely filing. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. To determine whether the statute of limitations bars the Plaintiff's cause of action we look first to when the cause of action accrues, second to the actual time period from the commencement of limitations, and third to whether a tolling period exists.

### A. *Plaintiff's Claims Under 42 U.S.C. § 1983*

Although state law provides the statute of limitations period to be applied, the accrual of a federal claim under 42 U.S.C. § 1983 is governed by federal law. *See Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The plaintiff's cause of action accrues and the commencement of limitations begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* In this case, the Plaintiff had reason to know that his legal right may have been violated when the Defendants took custody of the Plaintiff on June 12, 2001. Plaintiff argues that upon "reasonable diligence" in searching for case law to support a basis for his claims, the commencement of limitations began on June 24, 2004, upon discovery of

2

*Terry v. Ohio*, 392 U.S. 1 (1968). In determining the accrual of the Plaintiff's federal claims and commencement of the statute of limitations, the Court determines that the Plaintiff had knowledge of any alleged injury arising out of the events on June 12, 2001. To hold that the statute of limitations does not begin to run until Plaintiff learns of his legal rights would extend the limitations period indefinitely and defeat the purpose of the statute of limitations. Therefore, the Court concludes that the date of accrual for the Plaintiff's federal claims and commencement of limitations under 42 U.S.C. § 1983 began on June 12, 2001 rather than June 24, 2004.

Ohio requires, pursuant to Ohio Rev. Code Ann. § 2305.10, that actions be filed within two years of their accrual. *Browning v. Pendleton*, 869 F.2d 989, 922 (6th Cir. 1989)(en banc). Plaintiff filed his Complaint on September 23, 2004. As Plaintiff's cause of action accrued on June 12, 2001, the two-year period expired on or about June 12, 2003. Thus Plaintiff's claims under § 1983 are barred.

The Court must determine whether tolling of the Plaintiff's § 1983 claims exist. Under 42 U.S.C. § 1983, Congress does not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court. *Board of Regents v. Tomainio*, 446 U.S. 478, 483 (1980). When Congress does not establish a body of tolling rules applicable to actions brought in federal court under a federal statute, the Supreme Court has repeatedly "borrowed" the state law of limitations governing an analogous cause of action. *Id*. at 483-484. "In 42 U.S.C. § 1988, Congress 'quite clearly instructs [federal courts] to refer to state statutes' when federal law provides no rule of decision for actions brought under § 1983." *Id.* at 484.

Ohio Revised Code R.C. 2305.03 provides that, "a civil action, unless a different limitation is prescribed by statute, can be commenced only within the period proscribed in sections 2305.03 to 2305.22, inclusive, of the Revised Code." R.C. § 2305.16 tolls the statute of limitations period due to minority or unsound mind. Ohio Rev. Code Ann. § 2305.16 (2005). Plaintiff has not alleged either disability. Because the Plaintiff filed his suit more than two years after his claims accrued, and no tolling provision applies to render his Complaint timely, the Plaintiff's § 1983 claims should be dismissed.

3

### B. *Plaintiff's Claims Under 42 U.S.C. §§ 1985 and 1986*

Plaintiff argues that Defendants conspired against the Plaintiff directly and indirectly, denying him the protection of the laws and privileges of a U.S. Citizen, by their deliberate indifference to the Fourth Amendment of the United States Constitution. (Doc. 1, sec. 8). 42 U.S.C. § 1986 provides that,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in *section 1985* of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action, . . . . *But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.*

42 U.S.C. § 1986 (2005) (Emphasis added). Based on the accrual of the Plaintiff's federal claims and commencement of the limitations period on June 12, 2001, the filing of the Complaint on September 23, 2004, was not timely. Plaintiff's claims under §§ 1985 and 1986, alleging conspiratorial actions and interference with Plaintiff's civil rights on the part of Heaton and Greene, were not made within the applicable statute of limitations and are therefore barred. As such, Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 should be dismissed.

### IV. State Law Claims

Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the court has dismissed all claims in which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As the Court recommends dismissal of Plaintiff's federal claims against Defendants Heaton and Greene, so too, the Court recommends that supplemental jurisdiction not be exercised over any of the state law claims against these Defendants. *Id.* Therefore, the Court recommends that the state law claims be dismissed without prejudice as to Defendants Heaton and Greene.

## V. Defendant's Alternative Claims

In light of the Court's decision above, Plaintiff's arguments for Judicial Estoppel are moot and should be denied as such.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendants' Motion for Judgment on the Pleadings (Doc. 10) be GRANTED and Plaintiff's federal claims against Defendants Heaton and Greene be DISMISSED WITH PREJUDICE.

2) Plaintiff's state law claims against Heaton and Greene BE DISMISSED WITHOUT PREJUDICE.

Date: 7/22/05

_____
Timothy S. Hogan
United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7-22-05. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

1: 04cv653   doc.#75

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Charles William Carter<br>419-712<br>PO Box 7010<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0660 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |