UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Charles William Carter,
    Plaintiff

  vs                                          Case No. C-1-04-653
                                                   (Watson, J)
Dwayne Weyand, et. al.,             (Hogan, M.J.)
    Defendants

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants William E. Peelle, Deborah Quigley, Donald Walker, Barry Thackston, and Ron Ward's Motion for Judgment on the Pleadings (Doc. 53), and Plaintiff's Reply to Defendants William E. Peelle, Deborah Quigley, Donald Walker, Barry Thackston, and Ron Ward's Motion for Judgment on the Pleadings (Doc. 58).

## BACKGROUND

Plaintiff, an inmate in the Ohio state prison system, challenges events arising from his arrest on June 12, 2001. (Doc. 1, Complaint, at §1, §2 at ¶2). Plaintiff alleges Defendants violated his right to be free from unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution based upon actions taken subsequent to a traffic stop that occurred on June 12, 2001. (*See* Id. at § 2, ¶¶ 4, 5; §10, ¶4). Plaintiff also alleges Defendants conspired to violate Plaintiff's rights under 42 U.S.C. §§ 1985 and 1986. (*See* Id. at § 8). Finally, Plaintiff alleges Defendants Ron Ward and William Peelle are responsible for the constitutional violations under a respondeat superior theory. (*See* Id. at § 2, ¶ 4, 11).

## **OPINION**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."  In determining a motion for judgment on the pleadings pursuant to Rule 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)(quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6thCir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).  Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987).

To the extent Plaintiff alleges the Ohio state courts erred in their rulings against him in his state court action, this federal court is without jurisdiction to review the state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[T]he *Rooker-Feldman* doctrine . . ., a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995), *cert. dismissed*, 116 S.Ct. 492 (1995).  The doctrine precludes lower federal courts from exercising jurisdiction over claims that were actually litigated in state court or are "inextricably intertwined" with a state court adjudication. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516-17 (6th Cir. 2004).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)(quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)(Marshall, J., concurring).  Therefore, when the Court is asked to "engage in appellate review of state court proceedings" the *Rooker-Feldman* doctrine necessarily applies. *Id*., quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002).  Thus, to the extent Plaintiff seeks review in this Court regarding his June 12, 2001 arrest, the manner of his

arrest and the location of his arrest or the adverse state appellate court decisions with respect to these challenges, this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

    Moreover, Plaintiff's complaint is barred by the applicable two-year statute of limitations for § 1983 and § 1985 actions, and the applicable one-year statute of limitations for § 1986 actions. *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995)(§ 1983); *Harris v. Board of Educ.*, 798 F. Supp. 1331, 1345 (S.D. Ohio June 26, 1992)(§ 1985); *Savage v. Unknown FBI Agents*, No. 97-3311, 1998 WL 69318 at *1 (6th Cir. Feb. 10, 1998)(§ 1985); *Harris v. City of Canton* 725 F.2d 371, 375 (6th Cir. 1984)(§ 1986)[1]. The statute of limitations commences to run when a plaintiff knows or has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984). In the instant case, Plaintiff argues that the limitations period did not begin to run until his research revealed case law which he claims supports his federal claims. This argument is without merit. Plaintiff's argument is based solely on ignorance of his legal rights with respect to his alleged unlawful arrest. To hold that the limitations period does not begin to run until such time as a plaintiff becomes aware of his legal rights would indefinitely extend the limitations period "thereby defeating the purpose of the statute of limitations." *Sevier*, 742 F.2d at 273. Moreover, Plaintiff claims that it was not until he was researching legal issues related to his habeas corpus petition that he became aware that his arrest was unlawful. Plaintiff filed a Petition for Habeas Corpus in the federal court on December 22, 2003. (*See Carter v. Hurley*, Case No. C-1-03cv901(S.D. Ohio)(Dlott, J)). Plaintiff also presented the same arguments with respect to his arrest in his state court proceedings. *See State v. Carter*, Case No. CRI 2001 5100 (Clinton Cty. Ct. Com. Pl.); *State v. Carter,* Case No. CA2002-02-012 (Ohio Ct. App. Nov. 12, 2002); *appeal denied, State v. Carter*, 785 N.E.2d 473 (Ohio 2003). Thus, we find that Plaintiff's argument in this respect is not worthy of credence. For purposes of this action, Plaintiff had reason to know that his legal rights were being violated in 2001, when he was arrested and argued the illegality of such at subsequent suppression hearings. (Doc. 1, Ex. A, Transcripts of Hearings on Motions to Suppress on October 31,

---

[1] Moreover,§ 1986 imposes liability on one who neither prevents nor aids in the prevention of a violation of § 1985. Because Plaintiff's § 1985 claim is time-barred, a claim under § 1986 cannot be maintained. *Harris v. Bd. of Educ.,* 798 F. Supp. at 1346.

2001 and November 14, 2001). Giving Plaintiff the benefit of the doubt, we find that the latest date upon which it can be said that Plaintiff had reason to know that his legal rights were being violated was November 14, 2001, the date on which Plaintiff's second motion to suppress was heard. (Id.). The statute of limitations expired two years later in 2003. Plaintiff's instant Complaint, filed on September 23, 2004, is therefore untimely and must be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendants William E. Peelle, Deborah Quigley, Donald Walker, Barry Thackston, and Ron Ward's Motion for Judgment on the Pleadings (Doc. 53) be GRANTED.

2) This case be TERMINATED on the Court's Docket.


Date:  9/9/2005              s/Timothy S. Hogan
                             Timothy S. Hogan
                             United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/9/2005.  Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b).  Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\MTNDISM\carter.12c.wpd

1:04cv653 doc. 86

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Charles William Carter<br>419-712<br>PO Box 7010<br>Chillicothe, Ohio 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7004 0750 0003 9306 0912 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540