UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles William Carter,

    Plaintiff,

v.                                                                                            Case No. 1:04cv653

Duane Weyand, *et al.*,                                        Judge Michael H. Watson

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the July 22, 2005 and July 26, 2005 Magistrate Judge's Report and Recommendations (Doc. 75, 76) regarding Defendants Heaton and Greene's Motion for Judgment on the Pleadings (Doc. 10) and Defendants Weyand, Fithen, and Hatten's Motion for Judgment on the Pleadings.  (Doc. 20)

Plaintiff brings a claim under 42 U.S.C. § 1983 that Defendants violated Plaintiff's right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment.  Plaintiff also alleges that Defendants conspired to violate his rights under 42 U.S.C. §§1985 and 1986.

A.    <u>The Magistrate Judge's Report and Recommendation</u>.

In the July 22, 2005 R&R, the Magistrate Judge recommends that Defendants Heaton and Greene's Motion for Judgment on the Pleadings be granted.  In the July 26, 2005 R&R Magistrate Judge recommends that Defendants Weyand, Fithen, and Hatten's Motion for Judgment on the Pleadings be granted.  The Magistrate Judge found that

Plaintiff's cause of action under 42 U.S.C. § 1983 accrued on June 12, 2001 because Plaintiff knew or should have known that his legal right may have been violated when Defendants took him into custody.  The Magistrate Judge noted that moreover, under Sixth Circuit law, claims for false arrest accrue on the date the arrest was made.  The Magistrate Judge concluded that since Plaintiff's Complaint was filed on September 23, 2004, Plaintiff's section 1983 claim was barred by the two-year statute of limitations.  The Magistrate Judge found no basis for tolling the statue of limitations, and therefore recommends dismissing Plaintiff's section 1983 claim.  Similarly, the Magistrate Judge found that Plaintiff's claims under sections 1985 and 1986 were barred by the one-year statute of limitations.  As a result, the Magistrate Judge recommends denying as moot Plaintiff's claims for judicial estoppel.  Finally, the Magistrate Judge recommends that the Court decline exercising supplemental jurisdiction over Plaintiff's state law claims.

  B.  <u>Objections to the Report and Recommendation</u>.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed timely objections to the R&Rs.  (Docs. 77, 80) Defendants responded to Plaintiff's objections. (Doc. 78, 79, 81, 82) Plaintiff then replied to Defendants' responses.  (Docs. 83, 84, 85, 88)[1]

Plaintiff objects to the R&Rs by stating that he exercised reasonable diligence, but did not know at what point his detention became an arrest.  Plaintiff states that he did not

---

[1] Document 88 is a second reply to Defendants Weyand, Fifthen, and Hatten's Response to Plaintiff's Objections.

2

know the legal difference between being detained and being arrested. Plaintiff explains further that he did not know that he had been unlawfully arrested until he read the Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1 (1986) in June of 2004.

D.   Analysis.

Sections 1981 and 1985 do not contain statutes of limitation. Therefore, for all section 1981 and 1985 actions, federal courts apply the state personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (§ 1983); *Savage v. Unknown FBI Agents*, 1998 WL 69318, at *1 (6th Cir. Feb.10, 1998) (unpublished) (§ 1985). The statute of limitations for section 1986 actions is one year. 42 U.S.C. § 1986.

In determining when a federal civil rights action accrues courts look to what event should have alerted the typical lay person to protect his or her rights. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). It is well-established that a section 1983 claim for wrongful arrest accrues at the time of the arrest. *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988). Plaintiff's lack of knowledge regarding his legal rights does not alter the date of accrual. *See Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Id.* Therefore, the Court finds that the Magistrate Judge did not err when he found that Plaintiff's federal claims accrued on June 12, 2001 when Defendants took Plaintiff into custody.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the May 20, 2005, Magistrate Judge's Report and Recommendation is hereby **ADOPTED.**

It is **ORDERED** that:

1. Defendants Heaton and Greene's Motion for Judgment on the Pleadings (Doc. 10) be **GRANTED**;

    a. Plaintiff's federal claims shall be dismissed with prejudice;

    b. Plaintiff's state law claims shall be dismissed without prejudice;

2. Defendants Weyand, Fithen, and Hatten's Motion for Judgment on the Pleadings (Doc. 20) be **GRANTED**;

    a. Plaintiff's federal claims shall be dismissed with prejudice;

    b. Plaintiff's state law claims shall be dismissed without prejudice;


      /s/Michael H. Watson  
      Michael H. Watson, Judge  
      United States District Court