UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles William Carter,

        Plaintiff,

        v.                                    Case No. 1:04cv653

Duane Weyand, *et al.*,                      Judge Michael H. Watson

        Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is the September 9, 2005 Magistrate Judge's Report and Recommendations (Doc. 86) regarding Defendants William E. Peelle, Deborah Quigley, Donald Walker, Barry Thackston, and Ron Ward's Motion for Judgment on the Pleadings. (Doc. 53)  Plaintiff has filed a Response in Opposition.  (Doc. 58)

Plaintiff brings a claim under 42 U.S.C. § 1983 that Defendants violated Plaintiff's right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment.  Plaintiff also alleges that Defendants conspired to violate his rights under 42 U.S.C. §1985.

A.    The Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommends granting Defendants' Motion for Judgment on the Pleadings, and terminating this case.

The Magistrate Judge found that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine to the extent that Plaintiff seeks review of his June 12, 2001 arrest, the

manner of his arrest, and the location of his arrest, or of the adverse state appellate court decisions with respect to these challenges.  In addition, the Magistrate Judge found that Plaintiff's claims are barred by the applicable two-year statute of limitations for actions under sections 1983 and 1985.  Specifically, the Magistrate Judge found that at the latest, Plaintiff had reason to know that his rights had been violated on November 14, 2001, the date on which he argued the illegality of his arrest at a second suppression hearing.  The Magistrate Judge explained that because Plaintiff's Complaint was not filed until September 23, 2004, his claims are barred by the statute of limitations.

      B.      <u>Objections to the Report and Recommendation</u>.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed timely objections to the R&R.  (Doc. 87)

Plaintiff argues that Defendants Peelle, Quigley, Walker, Thackston, and Ward are in default, and therefore their Motion for Judgment on the Pleadings cannot be granted. Plaintiff also argues that he did not know his arrest was unlawful because he "was told by the experts in the law, Judges, that his arrest was legal."  Plaintiff states that he did not know that his arrest was unlawful until he found the Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1 (1986).

      D.      <u>Analysis</u>.

Federal Rule of Civil Procedure 55 provides in relevant part:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk

shall enter the party's default."  Plaintiff filed his Motion for Default Judgment (Doc. 24) against Defendants Peelle, Quigley, Walker, Thackston, and Ward on November 10, 2004. Yet, Defendants Peelle, Quigley, Walker, Thackston and Ward had already filed an Answer on October 26, 2004.  (Doc. 12) Plaintiff argues Defendants' Answer was not served upon him.  According to the Certificate of Service attached to the Answer, this appears to be the case.  However, on November 30, 2004, Defendants filed a Corrected Notice of Service, which states that the Answer was served upon Plaintiff on November 24, 2004.

First, the Court finds it unlikely that an entry of default would have been made. While Defendants may not have properly served their Answer upon Plaintiff, the Answer was properly filed with this Court.  Therefore, the Court would not have found that Defendants failed to plead or otherwise defend.

Second, the Court finds that even if there had been an entry of default against Defendants for their failure to serve the Answer on Plaintiff, Federal Rule of Civil Procedure 55(c) allows a court to vacate an entry of default "for good cause shown."  In determining whether good cause is shown, the Court considers: "(1) Whether the culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced."  *Manufacturers' Industrial Relations Ass. v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir.1995).  In addition, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983).  The Court finds that based on these standards, either an entry of default or default judgment would have been  set aside.

Finally, given this Court's conclusion herein regarding its jurisdiction over this matter, the Court would be required to set aside the default judgment and dismiss the case for lack of subject matter jurisdiction. *See Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Based on the foregoing, the Court finds that Plaintiff's Motion for Default has no bearing on the Magistrate Judge's R&R.

The *Rooker-Feldman* doctrine states that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. Berkley*, 305 F.3d 386, 390 (6th Cir.2002).[1] Here, Plaintiff has asked this Court to review the state courts' proceedings, and therefore to the extent Plaintiff seeks such review, his claims are barred by *Rooker-Feldman*. Accordingly, this Court lacks jurisdiction over Plaintiff's claims.

As to the statute of limitations, in determining when a federal civil rights action accrues, courts look to what event should have alerted the typical lay person to protect his or her rights. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). It is well-established that a section 1983 claim for wrongful arrest accrues at the time of the arrest. *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988). Plaintiff's lack of knowledge regarding his legal rights does not alter the date of accrual. *See Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). A plaintiff has reason to know of his injury when he should have

---

[1]The doctrine gets its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (only the U.S. Supreme Court has the power to hear appeals from state court judgments) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (federal district courts do not have jurisdiction to hear challenges to certain state-court decisions).

discovered it through the exercise of reasonable diligence.  *Id.*  Therefore, the Court finds that the Magistrate Judge did not err when he found that Plaintiff's federal claims accrued, at the latest, on November 14, 2001, the date on which he argued the illegality of his arrest at a second suppression hearing.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation.  Accordingly, the September 9, 2005, Magistrate Judge's Report and Recommendation is hereby **ADOPTED.**

It is **ORDERED** that:

1.   Defendants William E. Peelle, Deborah Quigley, Donald Walker, Barry Thackston, and Ron Ward's Motion for Judgment on the Pleadings (Doc. 53) be **GRANTED**;

2.   This case be terminated on the Court's Docket.


    /s/Michael H. Watson
    Michael H. Watson, Judge
    United States District Court

5